**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30119 |
| Plaintiff - Appellant, | D.C. No. 9:09-cr-00054-DWM-1 |
| v. | |
| GIOVANNI DELAWARE BLOOD, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted April 13, 2011
Seattle, Washington

Before: BEEZER, KLEINFELD, and SILVERMAN, Circuit Judges.

The United States appeals interlocutorily from the district court's order

suppressing evidence of child pornography contained on Giovanni Delaware

Blood's laptop computer in a case in which Blood is charged with receipt of child

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

pornography in violation of 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 18 U.S.C. § 3731. We reverse.

Generally, law enforcement officers must have a warrant to seize personal property; however, officers may seize a container without a warrant if they "have probable cause to believe that [it] holds contraband or evidence of a crime, . . . pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." *United States v. Place*, 462 U.S. 696, 701 (1983).

A laptop computer is entitled to the same Fourth Amendment protection as other closed containers and personal effects. *See United States v. Arnold*, 533 F.3d 1003, 1009-10 (9th Cir. 2008). To justify the warrantless seizure of a laptop, the government bears the burden of proving both (1) the existence of "'circumstances that would cause a reasonable person to believe that [a seizure] was necessary to prevent . . . the destruction of relevant evidence . . . or some other consequence improperly frustrating legitimate law enforcement efforts,'" *United States v. Brooks*, 367 F.3d 1128, 1135 (9th Cir. 2004) (quoting *United States v. McConney*, 728 F.2d 1195, 1199 (9th Cir. 1984) (en banc)), and (2) that a warrant "could not have been obtained in time," *United States v. Struckman*, 603 F.3d 731, 738 (9th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Good*, 780 F.2d 773, 775 (9th Cir. 1986)).

Blood admitted to the federal agents that his laptop contained child pornography files and that he had, in the past, deleted child pornography files from his computer because he knew them to be illegal. The fragile and easily destructible nature of the digital evidence at issue raises undeniable concerns regarding "loss or possible destruction of contraband by the owner." *United States v. Licata*, 761 F.2d 537, 541 (9th Cir. 1985). It would be unreasonable for federal agents to send a suspect out the door with a bag of heroin and an instruction not to destroy or tamper with the evidence while they seek a telephonic warrant. It would be similarly unreasonable to expect agents to do so with other such easily destructible contraband, including the digital images of child pornography in this case. "The usual risk of loss of contraband left unsecured and the overall circumstances in this case constitute exigent circumstances sufficient to justify the warrantless intrusion on [Blood's] possessory interest in the [laptop]." *Id.* at 544.

The district court reasoned that the agents had time to secure a warrant and were not compelled to act by exigent circumstances because the digital evidence at issue was safe from destruction, the laptop having been "secured" in the agents' possession. However, this reasoning begs the question. If the evidence at issue is secure from destruction only because it has been seized by government agents, it follows that the seizure is justified by the exigencies of the situation.

Because the seizure of the laptop did not violate the Fourth Amendment and there are no independent grounds upon which to find Blood's consent to search vitiated, we hold that the district court's invalidation of Blood's consent to search the laptop as "fruit of the poisonous tree" was also erroneous.

The district court's order granting Blood's motion to suppress is REVERSED and the case is REMANDED for further proceedings consistent with this memorandum disposition.